IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                            )
A. JAMES FIRTH,             )
                            )
            Plaintiff,      )
                            )
     v.                     ) Civil Action No. 06-2215 (RWR)
                            )
                            )
MIKE JOHANNS,               )
U.S. Department of the      )
Agriculture                 )
                            )
            Defendant.      )
                            )
_____)
```

## ANSWER TO FIRST AMENDED COMPLAINT

### First Defense

The complaint fails to state a claim upon which relief may be granted.

### Second Defense

The plaintiff has failed to exhaust all his EEO complaints.

### Third Defense

Defendant responds to the numbered paragraphs in the Complaint as follows:

1.  The Agency admits that from 1992 to 2004, plaintiff was the Chief, Export Operations Branch, in the Farm Service Agency's Commodity Procurement Policy and Analysis Division.  The defendant admits plaintiff is a male, but has no present information as to his residency and thus is unable to either admit or deny his residency.

2.  The defendant admits that he is the Secretary of the United States Department of Agriculture and is named in his

official capacity. USDA is a primary department of the Executive Branch of the United States.

3. The defendant admits that he is sued in his official capacity.

4. There is no paragraph 4 in this complaint, therefore no response is required.

5. This paragraph contains plaintiff's jurisdictional allegations and conclusions of law to which no response is deemed necessary. To the extent an answer is deemed required, they are denied.

6. To the extent the Court has jurisdiction, venue would be proper in the District of Columbia. The defendant denies that it engaged in any discriminatory or retaliatory practices.

7. Admitted.

8. The defendant admits that plaintiff has filed other complaints asserting a continuing pattern of retaliation, but denies any retaliation or that plaintiff's allegations relate to the facts of the first complaint.

9. This paragraph contains conclusions of law to which no response is required. To the extent an answer is deemed required, they are denied.

10. This paragraph contains conclusions of law to which no response is deemed to be required. To the extent an answer is deemed required, they are denied.

11. Denied.

12. Denied.

13. Defendant admits that plaintiff may have some limited experience in these areas. However, this statement is too vague and all inclusive to admit in its entirety. Therefore, any allegation or inference of more than limited experience is denied.

14. Defendant admits that plaintiff may have some limited experience in these areas. However this allegation is overly broad and too inclusive to admit in its entirety. Therefore, any allegation or inference of more than limited experience is denied.

15. Defendant admits only that plaintiff has technical knowledge of these programs. The defendant denies the characterization of his knowledge and experience. Any allegation or inference to the contrary is denied.

16. Denied.

17. Admitted.

18. Defendant admits only that on October 27, 2003, Mr. Marsh submitted a performance appraisal, which indicated that results were achieved. Any allegation inconsistent with the foregoing is denied.

19. Denied, except to admit that plaintiff was not selected for the positions at issue in this complaint.

20. The defendant admits only that plaintiff was an Agency Resolving Official ("ARO") for EEO cases.

21. The defendant admits only that plaintiff was an ARO for EEO cases, but has no information on the number of cases involved.

22. The defendant is unable to admit nor deny this statement until plaintiff provides a particular case name, and manager's name(s) involved in this alleged case. Therefore, the allegations are denied.

23. Denied. The defendant avers that plaintiff has stated in a past email dated 2/9/04 that on October 17, 2004 he was advised by the Acting Director of "PDD" that the planned trip was postponed until further notice.

24. The defendant admits only that plaintiff, along with all other designated AROs at the time, was relieved of these duties by memorandum on January 20, 2004. Any allegation or inference to the contrary is denied.

25. Defendant can neither admit nor deny this alleged statement without further information. Therefore, it is denied.

26. The defendant admits only that plaintiff protested his denial of further training in mediation as well as his release of ARO duties by email.

27. Defendant admits that on October 27, 2003, Mr. Marsh submitted a performance appraisal, which indicated that results were achieved. Any allegation or inference to the contrary is denied.

28. Denied.

29. Denied.

30. The defendant admits only that plaintiff contacted an EEO counselor regarding his reassignment. Defendant cannot verify the conversation between the two parties. Therefore, plaintiff's allegation is denied.

31. Mr. Marsh has no recollection of this conversation. Therefore, it is denied as stated.

32. Admitted.

33. The defendant admits only that plaintiff applied for and made the best qualified list for this lateral position. The remaining allegations are denied.

34. Denied. Plaintiff was reassigned in May of 2004.

35. The defendant admits that plaintiff was reassigned for administrative reasons and because of his performance and that plaintiff was not informed of these reasons.

36. Admitted.

37. Denied.

38. Admitted.

39. Denied. The defendant avers that Ms. King did not physically report to duty until January 2005, and that plaintiff did not report directly to her at that time.

40. Admitted.

41. Defendant admits that on April 11, 2005, Cleveland Marsh signed a performance appraisal in which his summary rating

was "results achieved."  Any allegation or inference to the contrary is denied.

    42.   Denied.  The posted vacancy for the Chief, Export Programs Branch was not the same position as plaintiff held in the past.  Plaintiff previously held the position of Chief, Export Operations Branch.

    43.   Admitted.

    44.   Admitted.

    45.   Admitted.

    46.   Admitted.

    47.   Admitted.

    48.   Admitted.

    49.   Denied as stated.  Mr. Marsh has no recollection of using the term "superior expertise."  However, the defendant admits that Ms. King had superior management skills.

    50.   Denied.  Mr. Marsh has no recollection of a second meeting on February 18, 2005.

    51.   Denied.  Ms. King served on a panel for purposes of selecting a Chief, Export Programs Branch.

    52.   Denied as stated.  Ms. King was aware that some employees wrote a letter about the selection for her position, but she did not have specific knowledge of who was involved.

    53.   Denied.  Plaintiff was rated in the middle.

    54.   The defendant admits that Mr. Marsh selected Lisa Brown, a woman, for the position.  The defendant denies that the

position was plaintiff's previous position, and avers that the title of the position for which Lisa Brown was selected was Chief, Export Programs Branch, not Chief, Export Operations Branch.

    55.    Denied.

    56.    Admitted.

    57.    The defendant admits that Lisa Brown had a medical emergency in March 2005, and that acting GS-13 Chiefs were temporarily appointed to the position to gain experience. Plaintiff was not given the opportunity to act in this position because he was not a GS-13. The defendant denies that Lisa Brown was Chief, Export Operations Branch. She was Chief, Export Programs Branch.

    58.    Denied. Defendant has no information on the selection of "Jones."

    59.    Neither Mr. Marsh or Ms. Thompson can recall this meeting. Therefore, the allegations are denied. The defendant has no present information concerning Ms. Thompson's recollection.

    60.    Neither Mr. Marsh or Ms. Thompson can recall this meeting. Therefore, the allegations are denied. The defendant has no present information concerning Ms. Thompson's recollection.

    61.    Denied.

62. Denied. Defendant has no information concerning plaintiff's alleged protest to an EEO counselor on this issue.

63. The defendant has no present information concerning this conversation. Therefore, this defendant can neither admit or deny the conversation.

64. Denied.

65. Admitted.

66. Denied. Ms. King approved a 15 minute schedule adjustment to plaintiff's work schedule on November 10, 2005.

67. Admitted.

68. Admitted.

69. Admitted.

70. Admitted.

71. Denied.

72. Admitted.

73. Admitted, except to note that defendant has no knowledge concerning plaintiff's consultation with an agency specialist.

74. Denied, except to note that paperwork was submitted.

75. Admitted.

76. Admitted.

77. Admitted is substance. The Court is directed to the full text of the email for a complete and accurate statement of its contents.

78. Denied. Ms. King verbally told plaintiff that she would not approve the request.

79. Denied. Plaintiff applied for annual leave and all leave was approved. One day prior to the end of his leave period plaintiff tried to change the leave request to sick leave. Whatever leave that was not already processed was then changed to sick leave.

80. The defendant has no have information about the specific conversation with EEO counselor Joanne Scott regarding this issue. Therefore, the allegations are denied.

81. The defendant admits that Ms. King has completed several affidavits but she cannot recall the dates on which she prepared the affidavits.

82. Denied as stated. The Court is directed to the full text of the affidavits for a complete and accurate statement of their contents.

83. The defendant admits that Ms. King met with EEO Counselor Scott on June 16, 2006. The defendant denies the characterizations of the conversation.

84. Admitted

85. Admitted in substance. The Court is directed to her affidavits for a complete and accurate statement of the reasons for the selection.

86. Admitted.

87.  The defendant has insufficient information to either admit or deny this allegation.  Therefore, it is denied.

88.  The defendant admits that when Ms. King became plaintiff's supervisor that she agreed that plaintiff could work a flexible schedule.

89.  Admitted.

90.  The defendant admits that on July 16, 2006, Ms. King noted for the first time that plaintiff was incorrectly reporting credit hours.

91.  Denied.  Plaintiff's prior schedule was not revoked.  He was required to abide by the credit hours and compensatory hours regulations required by all non-bargaining unit employees.

92.  Denied.

93.  The defendant admits that other employees were allowed to claim credit hours without prior approval because they were bargaining unit employees.  Plaintiff is a non-bargaining unit employee.

94.  Admitted.

95.  Denied.  All employees in the division were instructed collectively in a staff meeting in November 2005.

96.  Denied.

97.  Admitted.

98.  Denied.

99.  The defendant admits that Ms. King was aware of plaintiff's prior EEO cases at the time she proposed a

suspension.  Any implication that the proposed discipline was a result of retaliation is denied.

100.  Denied.  Defendant denies plaintiff's characterization of events.

101.  Denied.  The defendant avers that plaintiff gave incorrect time and attendance information to a specialist named Carlos Valdivia but denies that he was a supervisor hired to replace plaintiff.

102.  Denied as stated.  The Court is directed to the full text of the proposed suspension for an accurate statement of its contents.

103.  Denied.  The defendant avers that bargaining unit employees did not need prior approval for credit hours, but all non-bargaining unit employees did require approval for credit hours.

104.  Admitted.

105.  Admitted.

106.  Denied.

107.  Admitted.

108.  Denied.

109.  Denied.

110.  The defendant incorporates by reference his answers to Paragraphs 1-109 of the complaint.

111. This paragraph attempts to characterize Title VII to which no response is necessary. The Court is directed to the statute for an accurate statement of its contents.

112. This paragraph constitutes plaintiff's characterization of Title VII to which no response is necessary. To the extent a response is deemed necessary, the defendant denies that it discriminated or retaliated against plaintiff.

113. Denied.

114. Denied.

115. Defendant incorporates by reference his answers to paragraphs 1-114 of the complaint.

116. Denied.

117. Denied. The defendant avers that the position was Chief, Export Programs Branch.

118. Denied.

119. Denied.

120. Defendant incorporates by reference his answers to Paragraphs 1-119 of the complaint.

121. Denied, except to admit that plaintiff served as Export Operation Branch Chief for a period of time.

122. Admitted.

123. Denied.

124. Denied.

125. Defendant incorporates by reference herein his answers to Paragraphs 1-124 of the complaint.

126.	This paragraph constitutes plaintiff's characterization of Title VII to which no response is necessary. The Court is directed to the full text of the statute for its contents.

127.	Denied.

128.	Agency No. FSA-2006-02156 was considered filed on July 29, 2006. All other allegations in this paragraph (or numbered paragraph) are denied.

129.	Defendant incorporates by reference his answers to Paragraphs 1-128 of the complaint.

130.	Denied.

131.	Denied.

132.	Denied.

Defendant denies that plaintiff is entitled to the relief sought or to any relief whatsoever. Defendant further avers that any award of compensatory damages for plaintiff's Title VII claim would be subject to and limited by 42 U.S.C. § 1981a, and that exemplary damages may not be awarded in this action.

Defendant denies that plaintiff is entitled to a jury trial, except as to those claims that may properly be asserted under Title VII.

All allegations in the Complaint not heretofore specifically admitted, modified or denied are hereby denied as completely as if separately and specifically denied.

Wherefore, it is respectfully requested that the Court dismiss the complaint with prejudice and grant other such relief it deems appropriate.

                         Respectfully submitted,

                         __/s/_____
                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                         United States Attorney

                         __/s/_____
                         RUDOLPH CONTRERAS, D.C. BAR # 434122
                         Assistant United States Attorney

                         __/s/_____
                         DIANE M. SULLIVAN, D. C. BAR # 12765
                         Assistant United States Attorney
                         Judiciary Center Building
                         555 Fourth Street, N.W.
                         Room E4919
                         Washington, D.C. 20530
                         (202) 514-7205

Of Counsel:
NEHA N. HEWITT
Office of General Counsel
U.S. Department of Agriculture