IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| A. JAMES FIRTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-2215 (RWR) |
| | ) |
| MIKE JOHANNS, Secretary, | ) |
| U.S. Department of the | ) |
| Agriculture | ) |
| | ) |
| Defendant. | ) |

### JOINT STIPULATION OF SETTLEMENT AND VOLUNTARY DISMISSAL

Plaintiff A. James Firth, and Defendant, Mike Johanns, Secretary of the United States Department of Agriculture, hereby stipulate and agree to settle and compromise the above-captioned action on the terms and conditions set forth in this Joint Stipulation and Settlement and Voluntary Dismissal and that, subject to the following terms, Plaintiff's claims against Defendant in this case shall be dismissed with prejudice:

1. The parties hereby agree that:

a. They both participated in or had the opportunity to participate in drafting this Stipulation;

b. They consulted with, or have had sufficient opportunity to consult with, an attorney or other representative;

c. They have read and understand the terms conditions of this Stipulation;

d.   They enter into this Stipulation voluntarily, with full knowledge of its significance, effects and consequences, and without duress, threat, coercion, intimidation, promise or inducement other than the terms and conditions set forth herein;

e.   They waive any right they may have to challenge or contest the validity of this Stipulation;

2.   Defendant agrees to retroactively promote Plaintiff to a GS-15 effective October 31, 2004.  In consideration thereof, Plaintiff waives all rights to back pay and benefits associated with this promotion, except that the Defendant agrees to pay both the employer's and employee's contribution directly to the Federal Employees Retirement and Disability Fund which will be calculated by the National Finance Center.

3.   Defendant agrees to pay the plaintiff the sum of one-hundred forty-thousand dollars ($140,000).  Payment of this sum shall be made from the Judgment Fund by electronic transfer to the trust account of Plaintiff's attorney, Leizer Z. Goldsmith.  Defendant agrees to promptly process the necessary paperwork for payment by the Judgment Fund, within not more than ten calendar days after the stipulation of dismissal has been filed with the Court and plaintiff has provided all the required information to complete the paperwork.

4.   Defendant has agreed to detail plaintiff to the Department of Homeland Security, Federal Emergency Management

Agency (DHS/FEMA). The detail shall terminate on March 29, 2008.

5.   Defendant has directed plaintiff's reassignment to the position of Assistant to the Director, GS-1101-14 located in the Kansas City Commodity Office, Kansas City, Missouri as a term GS-15 immediately upon the completion of the detail to DHS/FEMA. Plaintiff has declined to accept the directed reassignment and has agreed to notify the agency in writing no later than February 15, 2008 of his decision to decline the directed reassignment.

6.   Plaintiff agrees to retire immediately upon the expiration of the detail to the Department of Homeland Security. No later than 30 days before the effective date of his retirement, Plaintiff agrees to submit all the necessary papers which will be provided by USDA to effectuate his retirement.  In the event that DHS/FEMA terminates Plaintiff's detail prior to the expiration of the detail, Plaintiff agrees to immediately retire upon the termination of the detail by DHS and to promptly submit the necessary paperwork to effectuate his retirement.

7.   The Defendant agrees to expunge the Plaintiff's Official Personnel File of any reference to disciplinary action and any disciplinary files maintained by the Office of Human Resources and/or Plaintiff's present supervisors, including any drop files maintained or in the custody of Ms. Sue Roark King.

8.   The Defendant agrees to pay the Plaintiff six thousand five hundred dollars ($6,500.00) for "Use or Lose Leave."  This

sum shall be paid from the Judgment Fund by electronic transfer to the trust account of Plaintiff's attorney, Leizer Z. Goldsmith.

9. Execution of this Stipulation by Plaintiff, Plaintiff's counsel and counsel for Defendant shall constitute a dismissal of this action with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, except that the Court shall have jurisdiction to resolve a claim of noncompliance with the terms of this Stipulation.

10. The parties agree that this Stipulation constitutes the entire agreement between them and each warrants that they enter into this Stipulation freely.

11. Any controversy, dispute or claim between the parties arising out of or relating to any of the terms or provisions contained in this Stipulation may be enforced by the United States District Court for the District of Columbia.

12. This Stipulation shall represent the full and complete satisfaction of each of Plaintiff's claims arising from the allegations set forth in the complaint filed and all allegations set forth in Plaintiff's administrative complaints or which could have been raised administratively or in this action, including (but not limited to) all claims of discrimination, retaliation and claims under the Privacy Act, 5 U.S.C. 552a, asserted in the court complaint and in his administrative EEO complaints and

grievances, including, without limitation, all rights and claims arising under the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act. The settlement also includes, without limitation, full and complete satisfaction of Plaintiff's claims for back pay and benefits, compensatory damages, and for costs and attorney's fees that have been, or could be, made in this case, including any and all fees and costs incurred in connection with all his administrative complaints, the District Court litigation process, and any other proceedings involving the claims raised in this action.

13. By this settlement, Plaintiff waives, releases and abandons any and all claims, whether asserted or unasserted, against the Defendant, or their agents or employees, that arose out of the allegation of his complaint. Such waived, released, and abandoned claims include, but are not limited to, the above styled litigation and any other complaints or grievances filed or pending in any other forum whatsoever. The Plaintiff agrees to dismiss any and all pending administrative complaints and grievances immediately upon execution of this agreement.

14. Execution of this Stipulation shall not constitute a finding by the Court or an admission by defendant that Defendant violated Plaintiff's rights as alleged in the complaint, or that there was any wrongful conduct whatsoever towards Plaintiff during the course of his employment with the Defendant.

15. The parties agree that this Stipulation will not be used as evidence or otherwise in any pending or future civil or administrative action against the Defendant or any other agency or instrumentally of the United States except in an action to enforce this Stipulation or to establish the terms hereof. The parties further agree that a facsimile of the signatures of the parties and counsel will be the same as an original.

16. This settlement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, through their respective counsel of record, have stipulated and agreed to the foregoing as of the 31st day of January, 2008.

_____
A. JAMES FIRTH
Plaintiff

_____
LEIZER Z. GOLDSMITH
D.C. Bar No# 419544
5335 Wisconsin Avenue, N.W.,
Suite 440
Washington, D.C. 20015
Telephone: (202) 195-1506
Facsimile: (202) 318-0798

Counsel for the Plaintiff

_____
JEFFREY A. TAYLOR, D.C. Bar# 498
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar# 434
Assistant United States Attorney

_____
DIANE M. SULLIVAN, D.C. Bar# 127
Assistant United States Attorney
Civil Division, Room E4919
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7205

Counsel for the Defendant

So Ordered, this ____ day of _____ 2008.

_____
UNITED STATES DISTRICT JUDGE

7